IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAHMOOD I. ALYSHAH,

    Plaintiff,

      v.

THE UNITED STATES OF
AMERICA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-0915-TWT

## ORDER

This is a *pro se* civil rights action.  It is before the Court on the Defendants'
Motion to Dismiss [Doc. 5], the Plaintiff's Motion to Strike Defendants' Motion to
Dismiss [Doc. 6], and the Defendants' Motion to Strike the Plaintiff's Reply [Doc. 9].
For the reasons set forth below, the Defendants' Motion to Dismiss is GRANTED, the
Plaintiff's Motion to Strike is DENIED, and the Defendants' Motion to Strike is
DENIED as moot.

## I. BACKGROUND

On April 17, 2006, the Plaintiff, Mahmood Alyshah, filed this lawsuit against
the United States, the Attorney General and the Department of Homeland Security.
This is one of many lawsuits filed by the Plaintiff arising out of the State Bar of

Georgia's efforts to prevent him from engaging in the unauthorized practice of law. The Plaintiff is the president of Alyshah Immigration Agency, Inc. ("Alyshah Immigration"), a Georgia for-profit organization that allegedly helps clients prepare forms related to immigration and employment within the United States. The Plaintiff is not a member of the State Bar, and he is neither licensed nor qualified to practice law in the State of Georgia. On July 17, 2002, the State Bar filed a complaint for injunctive relief against Alyshah Immigration in the Superior Court of DeKalb County. State Bar of Georgia v. Alyshah Immigration Agency, Inc., No. 02-CV-7660 (Sup. Ct. DeKalb County 2002). The complaint alleged that Alyshah Immigration had placed advertisements in local Atlanta magazines stating that it practiced immigration law. It also alleged that Mahmood Alyshah misled an INS officer into thinking that Alyshah was a lawyer. The State Bar sought to enjoin Alyshah Immigration and its president from engaging in the unauthorized practice of law in Georgia. The case was resolved with a Consent Order. The Consent Order, signed by each party's counsel and by Judge Linda Warren Hunter, stated: "IT IS HEREBY ORDERED, ADJUDGED & DECREED that Alyshah Immigration Agency, Inc., and its officers, directors, employees and agents be permanently forbidden, restrained and enjoined from engaging in the practice of law within the State of Georgia." (Consent Order of

October 30, 2002, <u>State Bar of Georgia v. Alyshah Immigration Agency, Inc.</u>, No. 02-CV-7660 (Sup. Ct. DeKalb County 2002)).

On April 14, 2004, Alyshah and his company filed a complaint in this Court challenging the constitutionality of the Consent Order and seeking damages resulting from that action.  <u>Alyshah Immigration Agency, Inc. v. State Bar of Georgia</u>, No. 1:04-CV-1017-TWT (N.D. Ga. 2004) ("<u>Alyshah Immigration I</u>").  The Court granted the State Bar's Motion to Dismiss on the grounds that these constitutional claims were barred by the <u>Rooker-Feldman</u> doctrine and *res judicata*.  The Court also dismissed the state law claims as inapplicable or barred by the statute of limitations.  The Court further determined that Alyshah's purported representation of Alyshah Immigration was a violation of Georgia law and of the Consent Order.

While the State Bar's Motion to Dismiss in <u>Alyshah Immigration I</u> was pending before this Court, Alyshah petitioned for the right to represent individuals in a case in the United States Immigration Court.  United States Immigration Judge William A. Cassidy presided over the case, and Attorney J. Dan Pelletier represented the Bureau of Immigration and Customs Enforcement.  On October 6, 2004, Judge Cassidy issued an order acknowledging the State Bar's findings that the Plaintiff and Alyshah Immigration were engaged in the unlicensed practice of law in violation of O.C.G.A. § 15-19-51.  The court also noted the Consent Order enjoining Alyshah and

his company from engaging in the practice of law in Georgia and stated that Alyshah had violated the order by filing a motion in that court. Thus, Judge Cassidy denied Alyshah's request to appear in that court, stating that "to do otherwise may be viewed as encouraging the violation of the consent decree." (Id.) Thereafter, on January 19, 2005, the State Bar filed a Motion for Contempt of Court against Alyshah Immigration in the DeKalb Superior Court, alleging that Alyshah, as the president of Alyshah Immigration, had engaged in the unauthorized practice of law in violation of the Consent Order.

On March 21, 2005, Alyshah and Alyshah Immigration filed another lawsuit in this Court, Alyshah et al. v. The Supreme Court of Georgia, et al., No. 1:05-CV-759-TWT (N.D. Ga. 2005) (Alyshah Immigration II), making essentially the same claims as those asserted against the State Bar in Alyshah Immigration I, except that they now claimed that the State Bar was an arm of the Supreme Court of Georgia and thus also asserted their constitutional and state law claims against the Supreme Court and its Justices. Cliff Brashier was also named as a defendant, presumably in his role as the executive director of the State Bar of Georgia. This Court dismissed all defendants on October 12, 2005, holding that the constitutional claims were barred by Rooker-Feldman and the state law claims were without merit. Additionally, the Court found that Alyshah Immigration was not properly before it.

On April 21, 2005, after establishing that Alyshah had willfully violated the Consent Order, Judge Hunter issued a contempt order instructing the DeKalb County Sheriff to incarcerate Alyshah for 20 days and that he pay a $500.00 fine.  The Plaintiff was subsequently arrested and incarcerated from June 2 to June 21, 2005.

The Plaintiff has now filed another series of lawsuits in this Court claiming injuries from his incarceration.[1]   In this case, the Plaintiff challenges the constitutionality of 8 C.F.R. § 292, an immigration regulation promulgated by the Department of Homeland Security.  The Plaintiff names as Defendants in this action the United States of America, the United States Department of Justice, the United States Attorney General, Alberto Gonzales, the Department of Homeland Security, and the Executive Office of Immigration Review.  In the body of his complaint, he further alleges that Attorney Pelletier and Judge Cassidy wrongfully disclosed certain information to the State Bar.

---

[1]The Plaintiff has filed five other lawsuits in addition to this one: Alyshah v. The State of Georgia, No. 1:06-CV-928-TWT (N.D. Ga. 2006); Alyshah v. The Supreme Court of Georgia et al., No. 1:06-CV-929-TWT (N.D. Ga. 2006); Alyshah v. State of Georgia et al., No. 1:06-CV-930-TWT (N.D. Ga. 2006); Alyshah v. Hunter et al., No. 1:06-CV-931-TWT (N.D. Ga. 2006); and Alyshah v. State Bar of Georgia Foundation, Inc. Doing Business as State Bar of Georgia, A Private Organization, No. 1:06-CV-946-TWT (N.D. Ga. 2006).

## II. DISCUSSION

### A. Plaintiff's Motion to Strike

The Plaintiff attempts to strike the Defendants' Motion to Dismiss.  Federal Rule of Civil Procedure 12(f) provides that "upon motion made by a party...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  As explained in Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999):

> The terms of [Rule 12(f)] make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37 [2] (3d ed.1999). Therefore, as an initial matter, the motion to strike must be denied as to all non-pleadings....

See also Knight v. U.S., 845 F. Supp. 1372, 1374 (D. Ariz. 1993), aff'd, 77 F.3d 489 (9th Cir. 1996) (holding that a plaintiff's motion to strike the defendant's motion for summary judgment was improper).  Thus, because the Defendants' Motion to Dismiss is not a "pleading" within the meaning of Rule 12(f), the Plaintiff's Motion to Strike must be denied.  The Court will, however, consider it as a response to the Motion to Dismiss.

B. Defendants' Motion to Dismiss

    1. Standard of Review

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief.  Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

    2. Federal Claims

Despite the bevy of constitutional and federal statutory claims the Plaintiff alleges against these Defendants, the substance of his allegations can be boiled down into two claims.  He first contends that Cassidy and Pelletier participated in his incarceration through the State Bar of Georgia in violation of the Constitution, as well

as federal law.  Second, he contends that 8 C.F.R. § 292 is unconstitutional.  The
Court will address these claims in turn.

### a. Claims Arising Out of Plaintiff's Incarceration

The Plaintiff has alleged a host of constitutional and federal statutory claims
based on his 20 day incarceration.  He has made claims under the First, Fifth, Ninth,
and Fourteenth Amendments, as well as 42 U.S.C. §§ 1981, 1983, 1986 and 1988.  He
finally claims a violation of the Privacy Act.  This incarceration resulted from an order
of the DeKalb County Superior Court, however, and the only alleged wrongdoing by
any of the Defendants is that Pelletier and Cassidy, who are not defendants in this
lawsuit,[2] arranged and imposed this allegedly "unconstitutional incarceration."

Addressing first the Privacy Act claim, the Plaintiff alleges that Attorney
Pelletier and Judge Cassidy violated his right to privacy by providing a copy of the
"Statement of Right to Represent" that he filed in Immigration Court to the State Bar
of Georgia. (Compl., ¶¶ 10, 47, 48).  Assuming arguendo that Pelletier and Cassidy
released this document to the State Bar of Georgia, the Plaintiff's claim is still without
merit because this document is not protected under the Privacy Act.  This statute,
which governs records maintained on individuals by federal agencies, provides that:

_____

[2]In another of the lawsuits currently before this Court, Alyshah v. Hunter et al.,
No. 1:06-CV-931-TWT (N.D. Ga. 2006), the Plaintiff includes Cassidy and Pelletier
among the defendants.

> [T]he term "record" means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph[.]

5 U.S.C. § 552(a). Here, the "Statement of Right to Represent" signed by the Plaintiff and filed in Immigration Court does not constitute a public record for purposes of the Privacy Act. First, the document does not contain any personal information regarding the Plaintiff. Instead, the document merely states that Alyshah intends to represent the Patels in Immigration Court. (Compl., Ex. B.) Moreover, the Plaintiff filed this document in Immigration Court, a public forum, and its release thus could not constitute a Privacy Act violation.

The remainder of the Plaintiff's federal claims are based solely on these same actions by Cassidy and Pelletier and thus similarly fail. The Court does not find that these actions violated any constitutional or federal provision. Of course, claims under the Fourteenth Amendment, as well as 42 U.S.C. §§ 1981, 1983, 1986 and 1988 cannot be made against the United States, its agencies or its officers. Because no wrongful action has been alleged, the Plaintiff has failed to state a claim upon which relief can be granted. Moreover, despite the Plaintiff's repeated attempts to challenge the constitutionality of the DeKalb Superior Court's Consent Order, this Court has

consistently held that such a challenge is barred by the Rooker-Feldman doctrine. (Order of October 12, 2005, Alyshah et al. v. The Supreme Court of Georgia, et al., No. 1:05-CV-759-TWT (N.D. Ga. 2005) at 6-9); (Order of March 11, 2005, Alyshah Immigration Agency, Inc. v. State Bar of Georgia, No. 1:04-CV-1017-TWT (N.D. Ga. 2004) at 3-5.)   Under this doctrine, a federal district court lacks subject matter jurisdiction to review, reverse, or invalidate a final decision by a state court.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923).  The Supreme Court recently stated that this doctrine continues to apply in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Based on this most recent Supreme Court opinion on Rooker-Feldman, the Second Circuit has held that the doctrine applies when: (1) the federal plaintiff lost in state court; (2) the plaintiff now complains of injuries caused by the state court judgment; (3) the plaintiff asks the district court to review and reject the state court judgment; and (4) the state court judgment was rendered prior to commencement of

the district court proceedings.  Hoblock v. Albany County Bd. of Elections, 422 F.3d

77, 85 (2d Cir. 2005).[3]

      Here, all four elements of this doctrine are satisfied.  First, as this Court

previously made clear, "[a]lthough the complaint in state court was filed against

Alyshah Immigration, the individual plaintiff verified the answer, acted as the

corporate representative, and was specifically subject to the resultant Consent Order."

(Alyshah et al. v. The Supreme Court of Georgia, et al., No. 1:05-CV-759-TWT

---

      [3]Prior to Exxon Mobil, the Eleventh Circuit held that Rooker-Feldman applied
where the following four criteria were met:

> (1) the party in federal court is the same as the party in state court; (2)
> the prior state court ruling was a final or conclusive judgment on the
> merits; (3) the party seeking relief in federal court had a reasonable
> opportunity to raise its federal claims in the state court proceeding; and
> (4) the issue before the federal court was either adjudicated by the state
> court or was inextricably intertwined with the state court's judgment.

Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir.
2003) (citations omitted).  This latest Supreme Court decision has limited the scope
of the doctrine and changed the third and fourth elements of this test.  See Thomas D.
Rowe Jr. & Edward L. Baskauskas, Inextricably Intertwined Explicable at Last?
Rooker-Feldman Analysis After the Supreme Court's Exxon Mobil Decision, 2006
Fed. Ct. L. Rev 1 (concluding that anyone who starts an analysis of Rooker-Feldman
by applying the phrase "inextricably intertwined" either "hasn't read Exxon Mobil or
hasn't read it right").  Specifically, in Exxon Mobil, the Supreme Court explained that
the federal court's jurisdiction exists as long as the federal plaintiff "present[s] some
independent claim, albeit one that denies a legal conclusion that a state court has
reached in a case to which he was a party."  Exxon Mobil, 544 U.S. at 293 (quoting
GASH Assocs. v. Village of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993)).

(N.D. Ga. 2005) at 7) (emphasis added.)  The Consent Order thus applied to the Plaintiff.  Furthermore, it is clearly injuries from this state court judgment that the Plaintiff now seeks relief, as his claims arise out of the DeKalb Superior Court's Order that he be incarcerated for violating the Consent Order.  Third, although he is not directly requesting that the Court overturn the Consent Order, he continues to assert that it is unconstitutional and now seeks a declaration that the Defendants have violated the Constitution through their alleged role in its enforcement.  Thus, in essence, the Plaintiff is again challenging the validity of the Consent Order itself, and his claims cannot succeed unless this Court reviews and rejects the state court's judgment.  Finally, it is undisputed that the Consent Order was entered on October 30, 2002, over three years before the Plaintiff commenced this proceeding.  Accordingly, under the principles of Exxon Mobil, Rooker-Feldman bars this Court from hearing any of these claims.  Therefore, even assuming that the Plaintiff could show that these Defendants played some role in his incarceration, Rooker-Feldman would still bar the Court from hearing his claims.

            b. Constitutionality of 8 C.F.R. § 292

       The Plaintiff contends that 8 C.F.R. § 292 violates his constitutional rights. Specifically, he argues that the Ninth Amendment affords him the right to practice law and that the department's regulation, 8 C.F.R. § 292, infringes on that right.  He also

contends that this regulation violates Section 292 of Immigration and Nationality Act, 8 U.S.C. § 1362.  Dismissal is warranted on these claims.

First, the Court does not find that the Ninth Amendment affords the Plaintiff the right to practice law without a license.  The Plaintiff cites to the Amendment's provision that: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX. However, "the Ninth Amendment standing alone provides no particular constitutionally guaranteed freedoms."  Hightower by Dahler v. Olmstead, 959 F. Supp. 1549, 1557-58 (N.D. Ga. 1996) (citing Metz v. McKinley, 583 F. Supp. 683, 688 n.4 (S.D. Ga. 1984), aff'd, 747 F.2d 709 (11th Cir.1984)). This constitutional provision thus does not provide the Plaintiff with any grounds for relief.

The Plaintiff further claims that 8 C.F.R. § 292 violates his constitutional rights. To overturn a federal regulation, however, a plaintiff must meet the heavy burden of demonstrating that the regulation's invalidity is "so manifest that the court has no choice except to hold that the Secretary has exceeded his authority and employed means that are not at all appropriate to the end specified in the act of Congress." Perez-Gonzalez v. Gonzales, 403 F.3d 1116, 1119 (9th Cir. 2005) (quoting Boske v. Comingore, 177 U.S. 459, 470 (1900)).  The Plaintiff cannot make such a showing. Under 8 U.S.C. § 1103(a), the Secretary of the Department of Homeland Security is

responsible for administering and enforcing all immigration laws and is authorized to

promulgate all regulations necessary to implement its authority.  The right to counsel

is set forth in Section 292 of the Immigration and Nationality Act, which provides:

> In any removal proceedings before an immigration judge and in any
> appeal proceedings before the Attorney General from any such removal
> proceedings, the person concerned shall have the privilege of being
> represented by such counsel, <u>authorized to practice in such proceedings</u>,
> as he shall choose.

8 U.S.C. § 1362 (emphasis added).  Based upon the plain reading of this statute, an

alien's choice of counsel is limited to those individuals who are "authorized to

practice in such proceedings."  8 C.F.R. § 292.1 defines who is authorized to practice

and is a valid exercise of the Department of Homeland Security's administrative

rule-making authority.  <u>See</u> <u>Ramirez v. Immigration & Naturalization Service</u>, 550

F.2d 560, 563 (9th Cir. 1977) (holding that rules prescribing who may represent

another in deportation proceedings are not unconstitutional and are consistent with the

governing statutes); <u>see also</u> <u>Koden v. United States Dep't of Justice</u>, 564 F.2d 228,

233 (7th Cir. 1977) (noting that an administrative agency that has the power to

prescribe its rules and regulations may determine who will practice before it).  The

Court thus finds that 8 C.F.R. § 292.1 is lawful and denies the Plaintiff's request for

declaratory relief.

### 3. <u>State Law Claims</u>

Finally, the Court finds the Plaintiff's claims of Negligent and Intentional Infliction of Emotional Distress similarly unavailing, as he has failed to allege any negligent, reckless or intentionally wrongful conduct on the part of the Defendants. See Metropolitan Atlanta Rapid Transit Auth. v. Mosley, 2006 WL 1914633, at *3 (2006) (requiring that a claim for intentional infliction of emotional distress be supported by conduct that is intentional or reckless); Holbrook v. Stansell, 254 Ga. App. 553, 554 (2002).  Dismissal is thus warranted on the Plaintiff's state law claims.

## III. CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss [Doc. 5] is GRANTED; the Plaintiff's Motion to Strike [Doc. 6] is DENIED; and the Defendants' Motion to Strike the Plaintiff's Reply [Doc. 9] is DENIED as moot.

SO ORDERED, this 11 day of September, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge